(53 Misc. Rep. 66)

ENNIS et al. v. GROVER.

(Supreme Court, Special Term, New York County. February, 1907.)

1. WILLS—CONSTRUCTION OF DEVISE.

The city of New York in 1847 conveyed certain upland and bulkhead rights, together with the wharfage rights immediately opposite the dominant tenement. On partition in 1860 by the heirs of the grantee, the deed of four lots to one of the heirs granted all the wharfage rights in front of the land conveyed to her, and in 1868 the city confirmed the deed of 1847. *Held*, that a specific devise by the grantee of the deed in partition of the four lots by reference to their numbers, as shown by the map in the partition of 1860, embraced the wharfage and bulkhead rights opposite thereto.

2. NAVIGABLE WATERS—RIPARIAN RIGHTS.

The existence of a public street between the outer edge of the upland and tide water will not separate riparian rights from the upland.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Navigable Waters, § 240.]

Action by Thomas A. Ennis and Charles F. Stoppani against Clara A. Grover. Demurrer to complaint overruled.

Cleveland & Cleveland, for plaintiffs.
Remsen & Parsons, for defendant.

O'GORMAN, J. Under the general rule that a grant in gross is never presumed when it can be fairly construed as appurtenant to some other estate, it is quite clear that the wharfage rights in question were appurtenant to the land granted to William Hockman by the city of New York in 1847. Wharfage rights may constitute an easement in gross, as was the case in Mayor, etc., v. Law, 125 N. Y. 392, 26 N. E. 471, but there the grantee did not own the upland at the point in controversy, and the court held, in view of the circumstances of the case, that the intention was to create an interest in the wharf which the grantee could enjoy himself or convey to any other person. The facts in this case are entirely different. The wharfage rights acquired by Hockman under the same deed which granted to him the upland and the bulkhead rights were immediately opposite to the dominant tenement. In the partition of the land in question by the heirs of Hockman, in 1860, four lots on the east side of Thirteenth avenue, being the north

half of the block frontage between Eighteenth and Nineteenth streets, were conveyed to Eliza Hockman, and the deed by appropriate language granted all the wharfage rights lying in front of the land conveyed. In 1868 the city, by deed to the heirs of William Hockman, confirmed the deed of 1847. It is quite clear therefore that, as between the city and William Hockman and William Hockman's heirs, the wharfage rights were intended to be appurtenant to the land conveyed. In 1886 Eliza Hockman died, leaving a will containing no residuary clause. Every gift or devise is specific. The lots fronting on the east side of Thirteenth avenue were devised by reference to their map numbers in the partition map of 1860. No specific reference was made to the wharfage or bulkhead rights. Thereafter all the heirs of Eliza Hockman, except the defendant, quitclaimed to the devisee all interest in the wharfage or bulkhead rights.

The defendant claims that these rights did not pass under the will to the devisee of the land, and that, as to these rights, the said Eliza Hockman died intestate. But an easement which has become appurtenant to land, either by grant or by prescription, will pass by a grant of the land whether or not the easement is expressly mentioned in the deed or the land is conveyed with its appurtenances; and this is true, although the easement is not strictly necessary for the enjoyment of the thing conveyed. 10 Am. & Eng. Encyc. of Law, 418. Under the familiar doctrine that the court favors a construction that prevents partial intestacy, it requires no strained construction to conclude that Eliza Hockman intended to devise her bulkhead rights adjacent to the lots on the east side of Thirteenth avenue devised by her. These rights belonged to the dominant tenement. They were conveyed with the upland in the original grant. Their existence was recognized by the city and by the heirs of the original grantee, including Eliza Hockman, as appurtenants. It appears from her testamentary disposition that she intended to dispose of all her property. There is nothing to indicate a design to sever the easement from the uplands, and the devise of the lots should be held to embrace the wharfage rights opposite thereto. Thirteenth avenue was merely the boundary line of the city along the water front, and is not to be treated as a separate and distinct parcel of land. The existence of a public street or road between the outer edge of the upland and the tide water will not be permitted to separate riparian rights from the upland. Langdon v. Mayor, etc., 93 N. Y. 130.

The defendant has no interest in the easement and the demurrer is overruled, with costs.

Demurrer overruled, with costs.